**EQUITY INCOME PARTNERS, LP, an Arizona Limited Partnership; Galileo Capital Partners Limited, a Cayman Islands Exempted Company, Plaintiffs-Appellants,**

v.

**CHICAGO TITLE INSURANCE COMPANY, a Delaware Corporation, Defendant-Appellee.**

No. 14-15388

United States Court of Appeals, Ninth Circuit.

Filed March 3, 2017

Submitted March 3, 2017 San Francisco, California

Argued March 18, 2016

Dennis I. Wilenchik, Esquire, Tyler Quinn Swensen, Attorney, Wilenchik & Bartness, P.C., Phoenix, AZ, for Plaintiffs-Appellants

Patrick J. Davis, Esquire, Attorney, Nathaniel B. Rose, Fidelity National Law Group, Phoenix, AZ, Daniel E. Fredenberg, Attorney, Fredenberg Beams, Phoenix, AZ, for Defendant-Appellee

Before: KLEINFELD, RAWLINSON, and HURWITZ, Circuit Judges.

MEMORANDUM *

On July 12, 2016, we certified the following questions of law to the Arizona Su-

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

preme Court pursuant to Ariz. Rev. Stat. § 12-1862:

1. When a lender purchases property by full-credit bid at a trustee's sale, does Section 9 [of the standard form lender's title insurance policies] apply, or does Section 2 apply?

2. Is a full-credit bid at a trustee's sale a "payment" or "payment[ ] made" under Sections 2 or 9 of the policies?

3. To what extent does a full-credit bid at a trustee's sale either (a) terminate coverage under Section 2(a)(i) of the policies, or (b) reduce coverage under Section 2 and any possible liability under Section 7?

*Equity Income Partners, LP v. Chi. Title Ins. Co.*, 828 F.3d 1040, 1045 (9th Cir. 2016).

On February 7, 2017, the Arizona Supreme Court answered the certified questions as follows:

1. Section 2 applies when a lender purchases property by full-credit bid at a trustee's sale.

2. A full-credit bid at a trustee's sale is not a "payment" under Sections 2 or 9 of the policy.

3. The full-credit bid neither terminates nor reduces coverage under Section 2 or Section 7.[1]

*Equity Income Partners, LP v. Chi. Title Ins. Co.*, 241 Ariz. 334, 387 P.3d 1263, 1264-65 (2017).

In light of the Arizona Supreme Court's answers to the certified questions, we vacate the district court's summary judg-

ment and remand for further proceedings consistent with those answers. Costs are awarded to appellants. Fed. R. App. P. 39(a).

**VACATED and REMANDED.**

---

1. The footnote in the Arizona Supreme Court opinion stated:

   As explained below, the trustee sale may reduce or even eliminate a title insurer's ultimate liability under its policy. However, this reduction or elimination is not a function of the credit bid amount. Rather, the amount of the reduction, if any, is the fair market value of the property the lender receives as a result of its credit bid or, if the property is acquired by a third party, the amount that party pays for the property.